UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FSI International, Inc.,

Plaintiff,

v.

Brandon Shumway,

Defendant.

Court File No. 02-CV-402 (RHK/SRN)

**STIPULATION AND PROTECTIVE ORDER**

The parties in the above-entitled matter, Plaintiff FSI International, Inc. and Defendant Brandon Shumway, hereby stipulate and agree to this Stipulation and Protective Order as follows:

1. Whenever any person, including a person who is not a party to this action, provides to any party to this action material that the producing party contends is entitled to confidential treatment, that person (the "producing party") may designate the material as "Confidential." Such material is referred to in this Protective Order as "Confidential" material. Access to such material is limited as provided herein.

2. A producing party may designate as "Confidential" any material provided during discovery or pursuant to mediation including, without limitation, documents, testimony at depositions, responses to interrogatories, information obtained from inspection of records or tangible objects, responses to requests for admission, and documents or testimony furnished pursuant to Minnesota Rule of Civil Procedure 45.

3. To designate documents or written discovery responses as Confidential, the producing party shall mark each page that is entitled to that treatment with a stamp

FILED APR 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

stating that the material is "Confidential." To designate deposition transcripts as Confidential, the producing party must notify the other parties of that portion of the transcript that is to be treated as Confidential within thirty (30) days after receipt of the transcript.

4. Except with the prior written consent of the providing party, or as hereinafter provided under this Stipulated Protective Order, Confidential material shall not be used by anyone other than the producing party for any purpose other than the prosecution or defense of this action.

5. Any party (or any third party responding to discovery) who believes in good faith that it is providing information which contains confidential, proprietary, and/or trade secret information, may designate the information provided as "Confidential."

6. Except with the prior written consent of the producing party, or absent the prior order of this Court, material designated as "Confidential" by one party may not be disclosed to any person by the other party other than to the following persons:

(a) Randy Shumway and the persons designated by FSI to manage the litigation on behalf of FSI;
(b) Outside counsel for the parties to this action, including the paralegal, clerical and secretarial staff employed by such counsel;
(c) Experts and outside consultants retained by a party to assist in the prosecution, defense or settlement of this action, and persons regularly employed by such experts and consultants;
(d) Deponents in this action;
(e) Court reporters and their staff;
(f) The Court and any persons employed by the Court; and
(g) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Before disclosure of Confidential Information is made to any person other than counsel of record, their employees, in-house counsel and designated employees of the parties, or

the Court or its personnel, that person shall first read a copy of this Protective Order and in writing agree to be bound by its terms by executing a "Confidentiality Agreement" in the form appended hereto as Exhibit A. Counsel shall maintain a list of all persons to whom that party discloses the other party's (or non-party's) Confidential Information and shall retain a copy of all Confidentiality Agreements signed by such persons.

7. If any party files with the Court any pleading, interrogatory answer, affidavit, motion, brief, or other paper containing, summarizing, excerpting, or otherwise embodying Confidential material, the pleading or other paper in which the Confidential material is embodied shall be filed and maintained under seal and shall not be available for public inspection. The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with a cover sheet stating:

> Confidential — this document is subject to a Stipulated Protective Order approved by the Court and may not be examined or copied except in compliance with that Order.

8. If a party objects to the designation of any material as Confidential, the party may file a noticed motion challenging the designation. To maintain Confidential material status, the proponent of the Confidential material claim must show that the document is entitled to such protection. Pending resolution of a dispute over whether material should be accorded confidential treatment, all parties and all other persons bound by this Order shall continue to treat the material as Confidential material until the issue is resolved by the Court.

9. Subject to the Federal Rules of Evidence, stamped Confidential documents and other information may be offered in evidence during trial provided that the proponent of the evidence takes reasonable steps to afford counsel for the producing party the

opportunity to move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential material and, if so, what protection, if any, may be afforded to such information during trial.

10. If any Confidential material is inadvertently provided to a discovering party without being marked as Confidential in accordance with this Protective Order, the failure to so mark the material shall not be deemed a waiver of its Confidential status. Until the material is designated as Confidential material by the producing party, however, the discovering party shall be entitled to treat the material as non-confidential.

11. Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if the party providing Confidential material consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. This Stipulated Protective Order is without prejudice to the right of any party to seek modification of this Protective Order, to apply to the Court for permission to disclose Confidential material, or to apply to the Court for an Order imposing further restrictions on specified Confidential material.

12. Nothing contained in this Protective Order shall preclude any party from using its own Confidential material in any manner it sees fit, or from revealing such Confidential material to whomever it chooses, without the prior consent of the other parties or the Court.

13. This Stipulated Protective Order does not prevent disclosure of Confidential material if a party who received Confidential material is later required by law, regulation, subpoena, or order to disclose or provide that Confidential material to

any person or to any judicial, governmental, or administrative body. However, unless prohibited by law, the party receiving any such request, subpoena or order for confidential documents shall notify the party which produced the confidential information within five (5) days of receipt of the request, subpoena or order to give the producing party an opportunity to object.

14. Within ninety (90) days after final conclusion of all aspects of this case, all Confidential material and copies thereof, except for any such information that becomes part of the public record in proceedings of the Court, shall be returned to the producing party by all persons to whom such material has been furnished or destroyed, at the producing parties option.

15. This Stipulated Protective Order will take effect upon execution by the parties.

Dated: April 19, 2002

DORSEY & WHITNEY LLP

By ______________________
Edward B. Magarian #0208796
Michelle S. Grant #0311170
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant Brandon Shumway

Dated: April 19, 2002

LITTLER MENDELSON, P.C.

By ______________________
Marko J. Mrkonich #125660
Chad W. Strathman #270957
Suite 3110, 30 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 630-1000

Attorneys for Plaintiff FSI International, Inc.

**BY THE COURT:**

Susan Richard Nelson

**EXHIBIT A**

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I am fully familiar with the Protective Order of the District Court issued on the ____ day of ________________, 2002, in the case of FSI International, Inc. v. Brandon Shumway, Court File No. 02-CV-402, in the United States District Court for the District of Minnesota, a copy of which Protective Order has been delivered to me to keep with my copy of this Confidentiality Agreement, and I agree to be bound by all terms of said Protective Order. I agree that breach of the terms of this Confidentiality Agreement and the Protective Order would place me in contempt of the Court and would be directly actionable by any person or entity whose Confidential material is disclosed in violation of this Confidentiality Agreement and the Protective Order, at law and equity. I understand that the term Confidential material has the meaning provided in said Protective Order.

______________________________
(Signature)

______________________________
(Name Printed)

______________________________
(Street Address)

______________________________
(City) (State) (Zip Code)

Subscribed and sworn before me this

______ day of ______________, 2002.

______________________________
Notary Public

MINNEAPOLIS:32430.1 023526.1009

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01